UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CRIMINAL ACTION NO. 5:17-CR-00007-TBR

UNITED STATES OF AMERICA                                    PLAINTIFF

v.

JAMEY LLOYD ROLLEY                                          DEFENDANT

**Memorandum Opinion and Order**

This matter is before the Court upon Defendant Jamey Rolley's motion to suppress evidence discovered during a police search of his person and vehicle. [DN 16.] The Court held a suppression hearing on May 18, 2017, receiving testimony from the United States and hearing arguments by both parties. The Court does not believe briefing is necessary on this matter. Rolley's motion is ripe for adjudication. For the following reasons, it is DENIED.

**I. Background**

Kentucky State Police Trooper Bob Winters was patrolling a stretch of I-69 in Caldwell County, Kentucky on the evening of August 18, 2016. Around mile marker 75, he came upon a car stopped on the northbound shoulder, still running with its lights on. Winters had passed this area approximately five minutes prior, and had not seen the vehicle. The trooper pulled over and approached the open driver's side window. He shined his flashlight inside and found the Defendant, Jamey Rolley, asleep behind the wheel. Winters also noticed a four- to six-inch long glass pipe in the driver's seat, sticking out from beneath Rolley's right leg. The pipe contained a burnt white residue. Based upon his training and experience,

Winters believed the pipe had been used to smoke either methamphetamine or crack cocaine.

Winters rapped on the car's door, startling Rolley awake. They spoke for a few seconds, during which time Rolley appeared confused and exhibited slurred speech. Winters ordered Rolley out of the vehicle and immediately conducted a search of Rolley's person. At this time, Winters testified he had already decided to place Rolley under arrest based upon Winters' suspicion that Rolley was under the influence of narcotics and his possession of the glass pipe. During his search, Winters discovered a small baggie of methamphetamine in Rolley's front pants pocket. Winters handcuffed Rolley, placed him in his cruiser, and then searched Rolley's car. Inside, he discovered a firearm and approximately 1.4 kilograms of methamphetamine in the passenger floorboard. Rolley was charged federally with possessing with the intent to distribute fifty grams or more of methamphetamine and possession of a firearm during a drug trafficking crime. *See* [DN 1.]

Rolley now moves to suppress the evidence discovered by Trooper Winters. He argues that Winters' search of his person incident to arrest was improper because the possession of drug paraphernalia is not an arrestable offense under Kentucky law, and because Winters did not have probable cause to believe Rolley was under the influence when he conducted the search.

## II. Legal Standard

The Fourth Amendment protects the "right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."

U.S. Const. amend. IV. If the government violates a defendant's Fourth Amendment rights, that defendant may move, pursuant to Federal Rule of Criminal Procedure 12(b)(3)(C), to exclude the evidence gathered against him. *United States v. Haygood*, 549 F.3d 1049, 1053 (6th Cir. 2008). In seeking suppression, "the burden of proof is upon the defendant" to show that the search or seizure violated "some constitutional or statutory right." *United States v. Rodriguez-Suazo*, 346 F.3d 637, 643 (6th Cir. 2003) (quoting *United States v. Feldman*, 606 F.2d 673, 679 n.11 (6th Cir. 1979)). The evidence must be viewed in the light most favorable to the government. *United States v. Rose*, 714 F.3d 362, 366 (6th Cir. 2013) (citing *United States v. Beauchamp*, 659 F.3d 560, 565 (6th Cir. 2011)).

### III. Discussion

The sole issue before the Court is whether Trooper Winters had probable cause to place Rolley under arrest, such that his search of Rolley's person was reasonable under the Fourth Amendment. The parties agree that pursuant to *Rawlings v. Kentucky*, 448 U.S. 98, 111 (1980), it is immaterial that Winters conducted his search immediately prior to formally placing Rolley under arrest. They also seem to agree that, if the arrest was valid, Winters' subsequent search of Rolley's vehicle was permissible based upon *Arizona v. Gant*, 556 U.S. 332, 347 (2009). The task before the Court, then, is to determine whether Trooper Winters had probable cause to arrest Rolley for driving under the influence or possession of drug paraphernalia.

Although "state law defines the offense for which an officer may arrest a person, . . . federal law dictates whether probable cause existed for an arrest." *Kennedy v. City of Villa Hills*, 635 F.3d 210, 215 (6th Cir. 2011). The Supreme Court has defined "probable cause" as the "facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Michigan v. DeFillippo,* 443 U.S. 31, 37 (1979). Probable cause requires only the probability of criminal activity, not some type of "prima facie" showing. *See Illinois v. Gates,* 462 U.S. 213 (1983); *Criss v. City of Kent,* 867 F.2d 259, 262 (6th Cir. 1988) (same). "[P]robable cause determinations involve an examination of all facts and circumstances within an officer's knowledge at the time of an arrest." *Estate of Dietrich v. Burrows,* 167 F.3d 1007, 1012 (6th Cir. 1999) (citing *Carroll v. United States,* 267 U.S. 132, 162 (1925)). Keeping this standard in mind, the Court will turn to the specific offenses Rolley is alleged to have committed.

A. Driving Under the Influence

Under Kentucky law, a person may not operate a motor vehicle while under the influence of a controlled substance, including cocaine and methamphetamine. *See* KRS 198A.010(1)(c)-(d). Pursuant to KRS 431.005(1)(e), officers may arrest a person for driving under the influence without first obtaining a warrant, so long as the officer has probable cause to believe the person committed the offense.

4

Trooper Winters did not actually observe Rolley driving a vehicle. Nevertheless, Winters unquestionably had probable cause to believe Rolley had driven to the location where he was ultimately arrested. When Winters came upon the scene, Rolley was behind the wheel of a still-running car on the shoulder of the interstate. The vehicle contained no other occupants. Further, Winters had passed this stretch of interstate no more than five minutes prior, but did not observe Rolley's vehicle. It is difficult to conceive how else Rolley could have arrived at the location except by driving there. *See Bradley v. Reno*, 632 F. App'x 807, 810 (6th Cir. 2015) (to effectuate DUI arrest, officer need not observe defendant operating the vehicle).

Winters also had probable cause to believe Rolley was under the influence. At the time he decided to place Rolley under arrest, Winters had observed Rolley asleep on the side of the interstate, in a car that was still running, sitting on a used crack cocaine or methamphetamine pipe. When the two spoke, Rolley was confused and slurred his speech. These facts all weigh in favor of finding probable cause. *See Dalton v. Commonwealth*, No. 2013-CA-001675-MR, 2016 WL 1069137, at *3 (Ky. Ct. App. Mar. 18, 2016) (driver's "glassy eyes and slurred speech" suggested she was under the influence). It is true that Winters did not conduct any field sobriety tests before he arrested Rolley and searched his pockets. However, the failure or refusal of a field sobriety test is not an absolute prerequisite to a DUI arrest. *See Keyes v. Ervin*, 92 F. App'x 232, 238-41 (6th Cir. 2004) (driver was unconscious after accident and admitted she had recently taken prescription

narcotics); *United States v. Guy*, 1 F. App'x 410 (6th Cir. 2001) (officers found driver unconscious behind wheel of running vehicle with crack pipe in hand). Instead, the proper inquiry is whether, under the totality of the circumstances, a prudent officer would have believed Rolley had driven under the influence of narcotics. *See Smith v. City of Wyoming*, 821 F.3d 697, 715 (6th Cir. 2016) (citing *DeFillippo*, 443 U.S. at 37). On these specific and somewhat unusual facts, the Court believes Trooper Winters possessed probable cause to conclude Rolley violated KRS 198A.010, thereby justifying the arrest and search.

B. Possession of Drug Paraphernalia

Trooper Winters also possessed probable cause to arrest Rolley based upon his possession of the used glass pipe. Kentucky law makes it illegal "to use, or to possess with intent to use, drug paraphernalia for the purpose of . . . ingesting, inhaling, or otherwise introducing into the human body a controlled substance." KRS 218A.500(2). The statute defines drug paraphernalia as, among other things, glass pipes "used, intended for use, or designed for use in ingesting, inhaling, or otherwise introducing . . . cocaine . . . into the human body." KRS 218A.500(1)(l). Possession of drug paraphernalia is a Class A misdemeanor under Kentucky law. KRS 218A.500(7).

Here, Trooper Winters testified that he saw a glass pipe containing burnt white residue in plain view, sticking out from underneath Rolley's right leg. Based upon his training and experience, Winters believed the pipe was of a type commonly used to smoke methamphetamine and crack cocaine, and that the residue was in

fact one of those two drugs. As the vehicle's driver and sole occupant, Rolley is assumed to have constructive possession of the contraband within. *Commonwealth v. Mobley*, 160 S.W.3d 783, 787 (Ky. 2005). In *Mobley*, the Kentucky Supreme Court held that all three occupants of a van could be arrested for possession of drug paraphernalia after an officer discovered a crack pipe in the passenger floorboard, in plain view of all the vehicle's occupants. *Id.* The evidence against Rolley, who was partially sitting on the pipe, is even stronger. An officer in Kentucky is authorized to arrest a person "without a warrant when a misdemeanor . . . has been committed in his presence." KRS 431.005(1). Based upon his observations, Trooper Winters had probable cause to believe Rolley committed the Class A misdemeanor of possession of drug paraphernalia.

### III. Conclusion

Because Trooper Winters had probable cause to believe Rolley drove while under the influence of narcotics and possessed drug paraphernalia, his search of Rolley's person incident to arrest was lawful under the Fourth Amendment. That search led to the discovery of a small amount of methamphetamine in Rolley's pocket, which in turn led to the discovery of a large amount of the drug in Rolley's vehicle. None of these searches was constitutionally infirm. Accordingly, Rolley's motion to suppress [DN 16] is DENIED.

CC: Counsel of Record