UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CRIMINAL ACTION NO. 5:17-CR-00007-TBR

UNITES STATES OF AMERICA                                    PLAINTIFF/RESPONDENT

v.

JAMIE LLOYD ROLLEY                                              DEFENDANT/MOVANT

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant/Movant Jamie Lloyd Rolley's § 2255 habeas petition. [DN 36.] The United States has filed a response. [DN 43.] Rolley filed a reply. [DN 47.] This Court referred the matter to Magistrate Judge King for a report and recommendation. [DN 38.] A report and recommendation has been issued. [DN 48.] Rolley filed a Motion for Extension of Time to File Objections. [DN 49.] Rolley has subsequently filed his objections. [DN 50.] For the reasons that follow, Rolley's Motion for Extension of Time [DN 49] is **GRANTED** and his § 2255 habeas petition is **DENIED.**

**I. Background**

Rolley pleaded guilty to possession with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1) (Count One) and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count Two) on August 9, 2017. [DN 24.] Rolley was sentenced to 120 months on Count One and a consecutive term of 60 months on Count Two. [DN 30.]

**II. Legal Standard**

A prisoner may request that his sentence be set aside on the grounds that it was "imposed in violation of the Constitution or laws of the United States." 28 USCS § 2255(a). "The statute does not provide a remedy, however, for every error that may have been made in the proceedings

1

leading to conviction," but only "when the error qualifies as a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Slater v. United States*, 38 F. Supp. 2d 587, 589 (M.D. Tenn. 1999) (quoting *Reed v. Farley*, 512 U.S. 339, 348 (1994)).

### III. Discussion

#### A. *Johnson, Dimaya, and Salas*

Rolley first argues that the holdings in *Johnson v. United States,* 135 S. Ct. 2551 (2015), *Sessions v. Dimaya,* 138 S. Ct. 1204 (2018) and *United States v. Salas,* 889 F.3d 681 (10th Cir. 2018) apply to his conviction under 924(c)(1)(A). The Court disagrees with Rolley.

In *Johnson, Dimaya,* and *Salas,* each Court considered the constitutionality of "residual clauses" that allowed an enhancement for crimes of violence. In *Johnson,* the Armed Career Criminal Act ("ACCA") allowed for an enhancement if a violator had "three or more earlier convictions for a serious drug offense or a violent felony". *Johnson,* 135 S. Ct. at 2555 (internal quotations omitted). The Act defined violent felony as:

> "any crime punishable by imprisonment for a term exceeding one year…that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious *potential risk of physical injury to another*." §924(e)(2)(B) (emphasis added)."

*Id.* at 2555-2556. The italicized portion is the residual clause. The Court held the clause to be unconstitutionally vague because it "denies fair notice to defendants and invites arbitrary enforcement by judges." *Id.* at 2557.

In *Dimaya,* the Court considered a similarly worded residual clause in the Immigration and Nationality Act ("INA"). *Dimaya,* 138 S. Ct. at 1210. 18 U.S.C. § 16 defined a crime of violence as:

2

> "(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

The Court in *Dimaya* found this clause unconstitutional for the same reasons the Court in *Johnson* did. *Id.* at 1215.

Finally, in *Salas,* the Court considered 18 U.S.C. § 924(c)(3)'s definition of crime of violence. Crime of violence was defined as "either a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" or a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Salas,* 889 F.3d at 683-684. The Court found this clause to be flawed in the same way the ACCA and the INA were because it would lead to "more unpredictability and arbitrariness than the Due Process Clause tolerates". *Id.* at 686.

Here, Rolley argues "drug trafficking" is unconstitutionally vague in the same way. However, Courts have continuously rejected the argument. *See In re Walker,* 2019 U.S. App. LEXIS 11110 *3 (6th Cir. Apr. 15, 2019) ("The offense underlying Walker's § 924(c) conviction…is not a crime of violence but a drug trafficking crime. *Dimaya* is therefore inapplicable to Walker's case."); *In re Watkins,* 2019 U.S. App. LEXIS 15570 * 3 (6th Cir. May 23, 2019) ("The offenses underlying Watkins's career offender enhancement are not crimes of violence but rather controlled substance offenses. *Dimaya, Welch,* and *Johnson* are therefore inapplicable to Watkins's case."); *Dodge v. United States,* 2017 U.S. Dist. LEXIS 18930 *3 (E.D. Tenn. Feb. 10, 2017) ("The *Johnson* decision has no bearing whatsoever on the scope of [the

definition of drug trafficking.]". Rolley was not convicted under a crime of violence. Therefore, the cited cases are inapplicable. The Court agrees with the Magistrate Judge's finding that Rolley's argument is without merit.

The Court also agrees with the Magistrate Judge's finding that this claim is procedurally defaulted. In Rolley's plea agreement, he "knowingly and voluntarily waive[d] the right (a) to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) to contest or collaterally attack his conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise." [DN 24 at 6.] The Sixth Circuit has held plea-agreement waivers of § 2255 rights to generally be enforceable. *Davila v. United States*, 258 F.3d 448, 450 (6th Cir. 2001). "It is well settled that a defendant in a criminal case may waive 'any right, even a constitutional right,' by means of a plea agreement." *United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001) (quoting *United States v. Ashe*, 47 F.3d 770, 775-76 (6th Cir. 1995)). To be valid, the waiver simply must have been entered into knowingly and voluntarily. *Davila*, 258 F.3d at 451. This Court found that Rolley understood the consequences of the plea agreement and entered into it voluntarily. [DN 41 at 17: ¶¶ 3-8.] Rolley waived his right to appeal unless "based on claims of ineffective assistance of counsel or prosecutorial misconduct". [DN 24 at 6.] Therefore, Rolley's claim is procedurally defaulted.

## B. Ineffective Assistance of Counsel

### 1. Count One

Rolley argues his "case lacked evidence that was required to prove his charges. The petitioner's attorney should have not had his client plea before all his other avenues were exhausted." [DN 36 at 8.]

In order to prove ineffective assistance of counsel, a defendant must first show "counsel's performance was deficient." *Strickland v. Washington,* 466 U.S. 668, 687 (1984). Counsel must have "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Defendant must also show "the deficient performance prejudiced the defense." *Id.* "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.*

When alleging ineffective assistance of counsel in a guilty-plea context, "to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59. Defendant must prove "counsel was not a reasonably competent attorney and the advice was not within the range of competence demanded of attorneys in criminal cases." *Strickland,* 466 U.S. at 687.

Here, Rolley has not proven counsel was ineffective. Intent to distribute drugs may be proven by: "the possession of quantities of drugs too large for personal use; the value of the drugs; the presence of drugs distribution paraphernalia, including scales and packaging materials; the concurrent seizure of large amount of currency; and the purity of the drugs." *United States v. Montgomery,* 491 F. App'x 683, 689 (6th Cir. 2012). Rolley was found with 3.5 pounds of methamphetamine in Ziploc bags and a digital scale. [DN 28 at 5.] The methamphetamine was tested and had a substance purity of 99%. [*Id.*] This is evidence of trafficking. Furthermore, Rolley has not alleged he would have insisted on going to trial rather than pleading guilty. He simply states, "petitioner's attorney should have not had his client plea before all his other avenues were exhausted." [DN 36 at 8.] Since Rolley has not stated what specific error counsel committed and

5

has not proven he would have insisted on going to trial, he has not proven ineffective assistance of counsel.

### 2. Count Two

Rolley argues, "counsel should have noticed the evidence was not sufficient just because the gun was in the car, was not proof that the gun was there to protect drugs in a drug transaction." [DN 36 at 8.] He further states that "[i]f [the gun] was there to protect the drugs it would have been within easy reach, not in a holster on a floorboard." [DN 50 at 4.] The Court again finds that Rolley has not met his burden.

The condition that possession be "in furtherance of" the crime requires a "nexus between the gun and the crime charged." *United States v. Barnes,* 822 F.3d 914, 919 (6th Cir. 2016). "Possession of a firearm on the same premises as a drug transaction does not, without a showing of a connection between the two, sustain a § 924(c) conviction." *Id.* The "firearm must be strategically located so that it is quickly and easily available for use." *Id.* The Court can also consider: "(1) whether the gun was loaded, (2) the type of weapon, (3) the legality of its possession, (4) the type of drug activity conducted, and (5) the time and circumstances under which the firearm was found." *Id.*

Here, Rolley was found with a 9mm automatic handgun in the floor board. [DN 28 at 5.] The handgun had nine bullets in the magazine and one round in the chamber. [*Id.*] The drugs were found in a case in the passenger floor board. [*Id.*] The Court finds an 11th Circuit case to be persuasive.

In *United States v. Tyler,* 213 F. App'x 902 (11th Cir. 2007), police responded to a report of a car blocking an intersection. *Id.* at 903. Upon arrival, the police found Tyler with the car running, music playing loudly, and Tyler unconscious. *Id.* The officer was able to see the handle

of a gun under Tyler's leg through the window. *Id.* The officer later found five bags of drugs in the car. *Id.* Tyler was convicted of possession with intent to distribute cocaine and crack and using or carrying a firearm in relation to a drug trafficking offense. *Id.* at 904. The Court upheld the conviction because the firearm was found near drugs and could reasonably be linked to the trafficking of drugs. *Id.* at 905-906.

Here, Rolley argues he was not involved in a drug deal at the moment, so the gun was not being used. However, it has been held that no sale needs to be in progress or imminent to be found guilty. *See United States v. Young,* 131 F.3d 1437, 1438 (11th Cir. 1997). Rolley also argues the gun was not in reach. However, the Court finds that a gun on the floor board of the driver side is easily accessible. Again, Rolley has not alleged that he would have insisted on going to trial rather than pleading guilty. Therefore, Rolley has not proven ineffective assistance of counsel.

C. **Certificate of Appealability**

The appeal of a dismissal of a habeas petition is governed by 28 U.S.C. § 2253(c). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a claim is also dismissed on procedural grounds, then the petitioner must also show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 478.

Neither the substantive analysis nor the procedural analysis in this case affords an opportunity for reasonable jurist to disagree. Accordingly, the Court declines to issue a certificate of appealability.

**IV. Conclusion**

The Court has conducted a *de novo* review of the Magistrate Judg'es report and recommendation and the objection filed thereto. It concluded Rolley's claims are barred on substantive and procedural grounds. Furthermore, Rolley is not entitled to receive a certificate of appealability.

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1.) The Court **ADOPTS** the findings of fact and conclusions of law as set forth in the report submitted by the United States Magistrate Judge. [DN 48.]

2.) Rolley's Motion for Extension of Time [DN 49] is **GRANTED.**

3.) Rolley's § 2255 habeas petition [DN 36] is **DENIED.**

**IT IS SO ORDERED.**

A judgment will follow.

*Thomas B. Russell*

**Thomas B. Russell, Senior Judge**
**United States District Court**

January 24, 2020

cc: Jamie Lloyd Rolley
    18845-033
    FORREST CITY LOW
    FEDERAL CORRECTIONAL INSTITUTION
    Inmate Mail/Parcels
    P.O. Box 9000
    FORREST CITY, AR 72336
    PRO SE